IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRIAN DANIELS, #K91046,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21−cv−00051−NJR |
| | ) |
| **JOSHUA SCHOEKBECK,** | ) |
| **ANTHONY WILLS,** | ) |
| **ANTHONY JONES,** | ) |
| **EDWIN GLADNEY and** | ) |
| **CURTIS DALLAS,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Darrian Daniels, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Daniels claims he was charged and disciplined unjustly, resulting in placement in segregation, where his conditions of confinement are deplorable (Doc. 1). He requests monetary damages and injunctive relief, including a Motion for Preliminary Injunction and/or Protective Order (Doc. 4).[1] Although Daniels has not yet paid his $402.00 filing fee or filed a motion for leave to proceed *in forma pauperis* (IFP), the Court

---

[1] To the extent that the Motion included a request for a temporary restraining order, that request was denied on January 15, 2021 (Doc. 5).

1

will proceed with screening based on Daniels's request for injunctive relief. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).[2]

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

Daniels makes the following allegations in the Complaint and exhibits attached it (Docs. 1 and 1-1):  In October 2019, March 2020, April 2020, and September 2020, Daniels was unjustly charged with various offenses. Officials involved in the disciplinary process (Schoenbeck, Gladney, Dallas, and Jones) did not allow Daniels to attend any of the disciplinary hearings and wrote falsely that he had refused to attend. Defendant Wills "signed off" on one or more of the disciplinary actions. Among other things, Daniels was disciplined with placement in segregation. As a result, Daniels has been housed in segregation since October 2019.

---

[2] Daniels's filing fee or IFP motion is currently due on February 15, 2021, and Daniels remains bound by this deadline. (Doc. 1). Failure to pay the fee or file for IFP by the deadline shall result in dismissal of this case for failure to comply with a court order and to prosecute his claims. *See* FED. R. CIV. P. 41(b).

Daniels is housed in segregation in North II Gallery ("North II"). The conditions in North II are deplorable. The cells are tiny (the size of a parking space), and Daniels barely has enough room to stand or stretch. Additionally, poor ventilation results in extremely cold temperatures in the winter and unbearably hot temperatures in the summer.

Daniels remains in his cell, which is walled on three sides, 24 hours a day. Daniels is developing musculoskeletal pain, tension, and depression. He is also experiencing nose bleeds and headaches daily. Daniels is denied access to exercise, showers, and medical treatment for his deafness. Warden Wills is generally aware of the conditions in North II because numerous lawsuits and grievances have been filed about the conditions, and because the conditions have been documented in publications from external agencies. Furthermore, Warden Wills is aware that Daniels is being subjected to unconstitutional conditions of confinement because of the grievances Daniels submitted to him as the Chief Administrative Officer of Menard.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

**Count 1:** **Eighth Amendment claim against Wills for exhibiting deliberate indifference to Daniels's conditions of confinement while in segregation.**

**Count 2:** **Fourteenth Amendment due process claim against Schoenbeck and Gladney in connection with Daniels's disciplinary conviction on October 15, 2019 (Doc. 1-1, p. 1) for not allowing Daniels to attend the hearing and imposing a three-month term of segregation.**

3

> **Count 3:** Fourteenth Amendment due process claim against Schoenbeck and Dallas in connection with Daniels's disciplinary conviction on April 15, 2020 (Doc. 1-1, p. 5) for not allowing Daniels to attend the hearing and imposing a three-month term of segregation. And against Wills for "signing off" on the disciplinary conviction.
>
> **Count 4:** Fourteenth Amendment due process claim against Schoenbeck and Jones in connection with Daniels's disciplinary convictions on April 28, 2020 (Doc. 1-1, pp. 15-17) for not allowing Daniels to attend the hearings and imposing a six-month term of segregation. And against Wills for "signing off" on the disciplinary convictions.
>
> **Count 5:** Fourteenth Amendment due process claim against Schoenbeck in connection with Daniels's disciplinary convictions on March 17, 2020 (Doc. 1-1, p. 22) and September 15, 2020 (Doc. 1-1, p. 23) for not allowing Daniels to attend the hearings and restricting some of Daniels's privileges.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[3]

## Count 1

Daniels states viable claims in Count 1 against Wills to the extent that Wills was and/or is aware that Daniels is being subjected to unconstitutional conditions of

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

confinement but has failed to take any action on his behalf. *See Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996); *Potts v. Manos*, 2013 WL 5968930, at *4 (N.D. Ill. 2013).

### Counts 2-4

At this early stage of the litigation, Daniels states viable due process claims against Schoenbeck (Counts 2-4), Gladney (Count 2), Dallas (Count 3), and Jones (Count 4). With respect to each of the subject disciplinary actions, the imposed term of segregation (between three and six months), combined with Daniels's alleged conditions of confinement, are enough to suggest that the subject disciplinary proceedings resulted in the deprivation of a constitutionally protected interest. *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009). Daniels's allegations (Doc. 1, pp. 8, 9, 15-17) are also sufficient to raise a due process claim against these officials for allegedly denying Daniels the opportunity to be present at the subject disciplinary hearings. *See Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007).

Daniels, however, has not stated a cognizable claim against Wills with respect to Counts 2 and 3. Daniels alleges that Wills gave administrative approval to the disciplinary actions at issue in Counts 2 and 3. But there is no indication that Wills was personally involved in conducting the hearings. Signing off on a disciplinary report does not rise to the level of personal involvement necessary for liability to attach. *See Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005). Accordingly, Counts 2 and 3 will be dismissed without prejudice as to Wills.

**Count 5**

With respect to the disciplinary actions at issue in Count 5, Daniels received commissary restrictions and a demotion to C grade status. An inmate does not have a protected liberty interest in his "grade" status or commissary privileges, thus the deprivation of these privileges without due process states no claim. *Thomas v. Ramos*, 130 F.3d 754, 762 n. 8 (7th Cir.1997) (collecting cases). Accordingly, Count 5 will be dismissed without prejudice.

**Motion for Preliminary Injunction**

Daniels has filed a Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 4) with respect to his conditions of confinement in segregation. Daniels's request for a temporary restraining order was denied on January 15, 2021 (Doc. 5), but his request for a preliminary injunction remains pending. **The Court will direct Defendant Wills to respond to the request in an expedited fashion. A response is due on or before February 15, 2021.**

**Disposition**

Count 1 shall proceed against Wills. Count 2 shall proceed against Schoenbeck and Gladney. Count 2 is **DISMISSED without prejudice** as to Wills. Count 3 shall proceed against Schoenbeck and Dallas. Count 3 is **DISMISSED without prejudice** as to Wills. Count 4 shall proceed against Schoenbeck and Jones. Count 5 is **DISMISSED without prejudice**.

Wills is **DIRECTED** to file a response to the Motion for Preliminary Injunction (Doc. 4) on or before **February 15, 2021**.

The Clerk of Court shall prepare for **Schoenbeck, Jones, Gladney, Dallas, and Wills** (individual capacity with respect to Count 1 and official capacity with request to any request for injunctive relief): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, Motions for Preliminary Injunction (Doc. 4), and this Memorandum and Order to each defendant's place of employment as identified by Daniels. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Daniels, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Daniels, and the judgment includes the payment

of costs under Section 1915, he will be required to pay the full amount of the costs, whether or not an *in forma pauperis* application is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Daniels is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 21, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.